

# SUPREME COURT OF ARKANSAS

**No.** CV–13–1051

| | |
|---|---|
| IN RE ACTOS (PIOGLITAZONE) PRODUCTS LIABILITY LITIGATION<br><br>AS TO:<br><br>GREG BOWERMAN, INDIVIDUALLY AND AS A CLASS REPRESENTATIVE ON BEHALF OF ALL TAXPAYERS WITHIN THE STATE OF ARKANSAS<br>PETITIONER<br>V.<br><br>TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., ET AL.<br>RESPONDENTS | **Opinion Delivered** January 9, 2014<br><br><br>REQUEST TO CERTIFY QUESTION OF LAW FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA (LAFAYETTE DIVISION)<br><br><br>CERTIFIED QUESTIONS ACCEPTED. |

**PER CURIAM**

In accordance with section 2(D)(3) of amendment 80 to the Arkansas Constitution and Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, the Honorable Rebecca F. Doherty of the United States District Court for the Western District of Louisiana (Lafayette Division) filed a motion and certification order with our clerk on November 21, 2013. The certifying court requests that we answer questions of law that may be determinative of a cause now pending in the certifying court, because it appears that there is no controlling precedent in the decisions of the Arkansas Supreme Court.

After a review of the certifying court's analysis and explanation of the need for this court to answer the questions of law presently pending in that court, we accept certification of the following questions, as herein formulated:

> 1) Does article 16, section 13 of the Arkansas Constitution provide Bowerman with a claim for illegal exaction under the facts and circumstances presented in this case? If so, does that claim extend to both theories proffered by Bowerman, namely product liability and unfair trade practices, and each of the remedies requested?
>
> 2) Is *Nelson v. Berry Petroleum Co.*, 242 Ark. 273, 413 S.W.2d 46 (1967), still good law in Arkansas? Does *Nelson* embrace the expansive reading presented by Bowerman, or the more narrow reading argued by the defendants, or is *Nelson* inapplicable to the facts and circumstances of this case?

This per curiam order constitutes notice of our acceptance of the certification of these questions of law. For purposes of the pending proceeding in this court, the following requirements are imposed:

> A. Time limits will be calculated from the date of this per curiam order accepting certification. The plaintiff in the underlying action, Greg Bowerman, is designated as the moving party and will be denoted as the "Petitioner," and his brief is due thirty days from the date of this per curiam. The defendants, Takeda Pharmaceuticals North America, Inc., et al., shall be denoted as the "Respondents," and their brief shall be due thirty days after the filing of Petitioner's brief. Petitioner may file a reply brief within fifteen days after Respondents' brief has been filed.
>
> B. The briefs shall comply with this court's rules as in other cases except for the briefs' content. Only the following items required in Arkansas Supreme Court Rule 4–2(a) shall be included:
>
> > (3) Points on appeal which shall correspond to the certified questions of law to be answered in the federal district court's certification order.

SLIP OPINION

(4) Table of authorities.

(6) Statement of the case which shall correspond to the facts relevant to the certified questions of law as stated in the federal district court's certification order.

(7) Argument.

(8) Addendum.

(9) Cover for briefs.

C. Oral argument will only be permitted if this court concludes that it will be helpful for presentation of the issues.

D. Arkansas Supreme Court Rule 4-6 with respect to amicus curiae briefs will apply.

E. This matter will be processed as any case on appeal.

F. Rule XIV of the Rules Governing Admission to the Bar shall apply to the attorneys for the Petitioner and the Respondents.

Pursuant to Arkansas Supreme Court Rule 6-8(d), we request that the parties include in an addendum the following pleadings: the complaint; the answer, if any; the motion to dismiss; and any responses, replies, and briefs in support thereof. In addition, if the parties believe that any additional pleadings will be useful to our understanding of the legal issues presented, those pleadings should be included as well.

Certified questions accepted.